FILED BY_____DC

05 JUN 30 PM 3:40

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT
W.D. OF TN-JACKSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN L. EARNEST,

   Petitioner,

vs.                                              No. 04-1105-T/An
                                                 05-1181-T/An
JAMES DAVIS,

   Respondent.

ORDER CONSTRUING IRREGULAR FILING AS SUCCESSIVE MOTION
AND
ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner, John Lavelle Earnest, prisoner registration no. 148554, an inmate at the Wayne County Boot Camp (WCBC), in Clifton, Tennessee, filed a habeas petition under 28 U.S.C. § 2254. Earnest alleged that his guilty plea was involuntary, his sentence breached his plea agreement, and counsel provided ineffective assistance. On March 1, 2005, the Court dismissed the petition as barred by the statute of limitations[1] after determining that Earnest presented no circumstances which entitled him to equitable tolling.[2] The Court entered its judgement on March 4, 2005.

---

[1]   The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA) created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254.

[2]   Earnest signed his habeas petition on May 12, 2004, and it was received and filed by the Clerk on May 17, 2004. Earnest's conviction was final on September 8, 1997, when the time for filing an application for permission to appeal to the Tennessee Supreme Court expired. Tenn. R. App. P. 11(b). Earnest's AEDPA statute of limitations expired on September 8, 1998.



On June 2, 2005, Earnest filed a typewritten document entitled "PETITION REQUESTING RELEASE IN ACCORDANCE WITH PLEA AGREEMENT" which requests this Court to review his plea agreement. Earnest styled his document with the docket number for this dismissed and closed case. Earnest does not point out any alleged error in the Court's order of dismissal nor does he mention the AEDPA statute of limitations or any additional grounds for equitable tolling. Earnest alleges that he "is only vaguely aware of legislation recently passed allowing the release of prisoners in accordance with their plea agreements or those going up for [a] parole hearing after and including the year 2001." The Court construes this allegation as Earnest's contention that the "legislation" constitutes a "new rule of constitutional law" which entitles him to relief under § 2254(e)(2)(A)(i).[3] Earnest states that "his sentence is being enhanced or extended unfairly and unlawfully thereby violating [his] constitutional rights." He further alleges that "he has served the required amount of time and should therefore be released" and requests that the Court "check into [his] plea agreement with the criminal court and consider all conditions of [his] plea agreement and the fact it was the agreement of the court and not a jury sentence."

This Court must consider whether the irregular document is a motion for relief pursuant to Rule 60(b) or a second or successive habeas petition under the AEDPA.[4] The

---

[3] Earnest does not specify whether the "legislation" is federal or Tennessee state legislation. Likewise, he does not articulate with any specificity the underlying basis of any federal constitutional claim.

[4] Alternatively, the Court could direct the Clerk to remove this "petition" from this closed file and docket it as a new habeas petition challenging an action by the Tennessee Board of Probation and Parole. Earnest alleges that he received a parole hearing in 2000 and will not receive another hearing until 2010. He does not allege that he filed an appeal of the Board's decision pursuant to Tenn. Code Ann. § 40-28-105(d)(11) or that after exhausting his administrative appeals, he filed a petition for common law writ of certiorari in the Davidson County Chancery Court, pursuant to Tenn. Code Ann. § 27-9-101. Beaucamp v. Tennessee Bd. of Paroles, 2001 WL 1545504, at *1 (Tenn. Ct. App. Dec. 5, 2001). Earnest alleges, that at some unspecified time, he filed a state habeas petition which was dismissed in May of 2002. Earnest has failed to demonstrate exhaustion of administrative or state remedies for any petition seeking review of a decision of the Tennessee Board of Probation and Parole. Thus, the Court declines to construe this "petition" as a new habeas action challenging such decision. Furthermore, Earnest does not request this Court to review

2

AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas petition absent permission from the Court of Appeals for the Circuit in which the district court is located. Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."

In Abdur'Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004), the Sixth Circuit held that "[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying state ... conviction or sentence," the motion should be treated as a second or successive petition. Id. at 181 (quoting Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003). If, however, "the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief," then it should be treated within the usual standards governing Rule 60(b) relief. Id. See also Alley v. Bell, 392 F.3d 822, 828 (6th Cir. 2004), petition for cert. filed, (Dec. 16, 2004).

Earnest's petition does not present any basis justifying relief under Rule 60(b). Earnest does not contend that the Court should reconsider its ruling based upon any "defective foundation." Abdur'Rahman, 392 F.3d at 179. Rather, Earnest has filed a "petition" based upon "legislation recently passed" seeking to vacate his conviction. Earnest did not raise any issue of recent legislation as a ground for the Court's consideration in the petition filed on May 17, 2004. He clearly seeks, however, to vacate the state criminal judgment with his newly filed "petition."

Under Sims, the Court construes this post-judgment "petition" as a request for authorization to file a successive motion. Accordingly, it is hereby ordered pursuant to Sims

---

any decision by the Board or contend that the Board erred; he asks the Court to review his state plea bargain agreement.

3

and 28 U.S.C. § 1631 that the Clerk of Court docket the "petition" (docket entry 7) as a new case and transfer it to the United States Court of Appeals for the Sixth Circuit. The Clerk shall place a copy of this order in that case as well as case no. 04-1105-T/An. The Clerk shall include in the documents transmitted herewith a copy of all documents from case number 04-1105-T/An.

As this case is not being closed, but only transferred, there is no final order from which an appeal can be taken. The majority view of the federal appellate courts is that an order of transfer under 28 U.S.C. § 1631 is a non-appealable collateral order. See, e.g., FDIC v. McGlamery, 74 F.3d 218, 221-22 (10th Cir. 1996); Middlebrooks v. Smith, 735 F.2d 431, 432-33 (11th Cir. 1984)(holding non-appealable an order construing a habeas petition as a § 2255 motion to vacate and transferring to the sentencing court). Previous unpublished decisions from the Sixth Circuit follow this reasoning. See, e.g., McGhee v. Myers, 1999 WL 644374 (6th Cir. Aug. 18, 1999)(dismissing appeal from No. 99-2340-G/A (W.D. Tenn. Apr. 19, 1999); Mario Gonzalez v. United States, No. 98-6099 (6th Cir. Oct. 1, 1998), dismissing appeal from No. 98-2160-Tu/V (W.D. Tenn. Mar. 2, 1998); William Taylor v. United States, No. 98-6062 (6th Cir. Sept. 22, 1998), dismissing appeal from No. 98-2142-Tu/V (W.D. Tenn. Mar. 2, 1998). Cf. U.S.C. § 1631. Accord In re Gregory, 181 F.3d 713, 715 (6th Cir. 1999)(pretermitting issue of whether a § 1631 order transferring a successive § 2255 motion from this District to the Eighth Circuit is appealable). McGhee cited McGlamery and Middlebrooks and dismissed an appeal from this Court of an order transferring a successive § 2254 petition. Gonzalez and Taylor cited McGlamery and Middlebrooks and dismissed appeals from this Court of orders transferring § 2255 motions originally filed as habeas petitions. This Court's order construing Earnest's habeas petition

as a successive § 2244 motion is not appealable. Any appeal would be devoid of jurisdiction.

IT IS SO ORDERED this  30th  day of June, 2005.

                                                                           */s/ James D. Todd*
                                                                           JAMES D. TODD
                                                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 1:04-CV-01105 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

John Lavelle Earnest
148554
Eriatric Squadbay 2-10
P.O. Box 182
Clifton, TN 38425

Honorable James Todd
US DISTRICT COURT